# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**HALLWOOD ENERGY, L.P.**                                                                                   **PLAINTIFF**

**VS.**                                                   **4:06CV01496-WRW**

**EARL P. FRICKER;**
**ROBIN M. FRICKER**                                                                                          **DEFENDANTS**

## ORDER

Pending is Defendants' Motion to Dismiss,[1] to which Plaintiff has responded.[2] Plaintiff, Hallwood Energy, L.P. ("Hallwood") sued Defendants, Earl P. Fricker and Robin M. Fricker ("the Frickers") alleging breach of contract, breach of warranty, and unjust enrichment.[3] The Frickers contend that Hallwood's Complaint lacks federal subject-matter jurisdiction under 28 U.S.C. § 1332, because there is no diversity of citizenship.

## I. Background

Hallwood is a limited partnership created for the purpose of exploring and producing oil and gas. This partnership is organized under the laws of Delaware; has offices in Texas and Arkansas; and conducts business in Louisiana, Texas, and Arkansas. According to the Complaint, the Frickers are residents of Prairie County, Arkansas.[4] In their motion, the Frickers allege that Hallwood is a separate business entity that is an Arkansas citizen.

## II. Standard of Review

---

[1] Doc. No. 4.

[2] Doc. No. 6.

[3] Doc. No. 1.

[4] Doc. No. 1, ¶ 2.

A plaintiff has the burden of proving subject-matter jurisdiction.[5] To meet this burden, the correct jurisdictional facts must be alleged in the complaint. A plaintiff must go beyond allegations when a Defendant introduces contradictory evidence.

Thus, jurisdiction is primarily based on the complaint's allegations.[6] When there is a facial, not factual challenge to jurisdiction, a complaint will be dismissed if the allegations are "*patently meritless.*"[7] In such cases, jurisdiction is determined by looking to the face of the complaint, and drawing all reasonable inferences in favor of a plaintiff.[8]

But, when a defendant attaches affidavits that raise a meritorious challenge to jurisdiction, a plaintiff is required to prove jurisdiction by affidavits, testimony or documents.[9]

### III.  Authority

To plead subject-matter jurisdiction under 28 U.S.C. § 1332, a plaintiff must ask for damages exceeding $75,000 and must state that the action is between citizens of different states. For purposes of determining diversity jurisdiction, a limited partnership is not a citizen under the

---

[5]*Nucor Corp. v. Nebraska Pub. Power Dist.*, 891 F.2d 1343, 1346 (8th Cir. 1989).

[6]*McKenzie v. City of White Hall*, 112 F.3d 313, 316 (8th Cir. 1997) (citing *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348 (5th Cir. 1985)).

[7]*Biscanin v. Merrill Lynch & Co. Inc.*, 407 F.3d 905, 907 (8th Cir. 2005) (citing *Hagans v. Lavine*, 415 U.S. 528, 537-38 (1974) (emphasis added)).

[8]*Id.* (citing *McKenzie v. City of White Hall*, 112 F.3d 313, 316 (8th Cir. 1997) and *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003)).

[9]*Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070 (8th Cir. 2004) (citing *Jet Charter Serv., Inc. v. W. Koeck*, 907 F.2d 1110, 1112 (11th Cir. 1990)).

same standards as corporations.[10]  A corporation is a citizen in its own right.[11]   However, a limited partnership's citizenship is not separate from its members.  Its citizenship is determined by the residence of *all* of its members.[12]

## IV.  Discussion

The Frickers did not produce affidavits or other documents supporting its Motion to Dismiss.  So, there is no evidence establishing that all Hallwood's partners are Arkansas citizens.

By failing to submit factual evidence, the Frickers merely challenged the Complaint's facial allegations.  Applying the correct standard of review, the allegations are not patently meritless and, are, therefore, sufficient to establish subject-matter jurisdiction based on diversity of citizenship.  Defendants' Motion to Dismiss is DENIED.

IT IS SO ORDERED this 1st day of June, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[10] *Carden v. Arkoma Associates*, 494 U.S. 185, 188 (1998).

[11] *Id.*; *see Hercules Inc. v. Dynamic Export Corp.*, 71 F.R.D. 101 (S.D.N.Y. 1976) (holding that corporations have dual citizenship in the state where it was created and where it principally conducts its business)).

[12] *Carden*, 494 U.S. at 195 (emphasis added).